IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DONNA WALKER,

      Plaintiff,

  v.

RONETTE BURKES, *et al.*,

      Defendants.

Civil Action 2:15-cv-3058

Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for Consideration of Defendants' Motion to Dismiss (ECF No. 21), Plaintiff's Response in Opposition (ECF No. 24) and Defendants' Reply to the Response in Opposition (ECF No. 25). For the reasons that follow, the Motion to Dismiss is **GRANTED without prejudice to Plaintiff moving for leave to amend the Complaint WITHIN FOURTEEN (14) DAYS**.

### I. BACKGROUND

On December 7, 2015, Plaintiff brought this civil rights action, pursuant to 42 U.S.C. §§ 1983, 1985(3), and 1986. (ECF No. 1; the "Complaint" or "Compl.") In her Complaint, Plaintiff, Donna M. Walker ("Walker" or "Plaintiff") alleges that Defendants violated her First Amendment rights by retaliating against her for reporting improper conduct on the part of her supervisor when Plaintiff was previously employed at the Department of Rehabilitation and Correction, Ohio Reformatory for Women ("DRC").

Walker began working at the DRC as a storekeeper in the commissary on August 10, 2015. (Compl. ¶ 6.) While working at the commissary, Walker allegedly witnessed her

supervisor, Demetra Sanders ("Sanders"), commit violations of her job duties, including: giving food or other commissary items to inmates who worked in the commissary without charging the inmates; allowing at least four inmates to shop on days other than their assigned shopping days; refusing to allow Walker to check inmate balances, availability of funds or provide copies of receipts to inmates and staff requesting them; refusing to log damages, defective or opened food items on the commissary shelves which Walker reported to Sanders; refusing to allow Walker to use various software reports or daily paperwork duties; taking commissary items for personal use without paying; falsifying inventory lists or reports; and failing to follow safety operating procedure or protocol. (*Id*. ¶¶ 10-19.) According to Walker, she "took notes in a notepad about her experiences working for [Sanders]." (*Id*. ¶ 21.) After Sanders impermissibly read Walker's notepad, Walker alleges, "her personality and behavior towards Plaintiff changed" to become "rude and verbally aggressive." (*Id*. ¶ 22.)

Walker further alleges that she subsequently reported Sanders' illegal conduct to Defendant, DRC Warden Roni Burkes ("Burkes"), among others. (*Id*. ¶ 23.) Walker also "reported Demetra Sanders' illegal conduct to an outside agency." (*Id*. ¶ 24.) Walker states that the day after she reported Sanders' illegal conduct, the latter "threw documents and/or other items in the dumpster," an action witnessed by a corrections officer who retrieved the documents and inventoried them. (*Id*. ¶ 25.) Plaintiff alleges she was terminated on September 4, 2015, immediately after reporting Sanders. Walker states that the official reason given for the termination was "violating a company rule" but Burkes told Walker the reason for her termination was "telling her supervisor how to do her job." (*Id*. ¶ 26.) Plaintiff alleges that these reasons are pretextual, and she was terminated because she reported and spoke out on a matter of public concern "regarding Demetra Sander's unlawful acts … [including] efforts to silence

2

Plaintiff, employment conditions, public official corruption, conspiracy, illegal activity and Defendant's protection of public safety." (*Id*.)

Defendants filed their Motion to Dismiss on March 10, 2016. (ECF No. 21.) On April 18, 2016, Plaintiff filed her Response in Opposition. (ECF No. 24.) Defendants filed their Reply in support of their Motion to Dismiss on May 2, 2016. (ECF No. 25.)

## II. STANDARD OF REVIEW

Defendants bring their motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Plaintiff has failed to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

### III. ANALYSIS

**A. Law**

Plaintiff brings his claims against Defendants under 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

In order to proceed under § 1983, a plaintiff must prove both that (1) the perpetrator acted under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Brandon v. Allen*, 719 F.2d 151, 153 (6th Cir. 1983), *rev'd and remanded sub nom. Brandon v. Holt*, 469 U.S. 464 (1985). To sufficiently plead the first element, a plaintiff must allege "personal involvement" on the part of the defendant. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). This requirement arises because "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Id.* (citation omitted).

The three elements of a First Amendment retaliation claim are as follows:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) . . . the adverse action was motivated at least in part by the plaintiff's protected conduct.

4

*Rapp v. Putman*, No. 15-1995, 2016 WL 1211850 at *3 (6th Cir. Mar. 29, 2016) (quoting *Thaddeus–X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*)) (internal quotes omitted). "[C]onclusory allegations of retaliatory motive unsupported by material facts will not be sufficient to state a . . . claim." *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005).

**B. Application**

Defendants move to dismiss this case, urging the Court to find Plaintiff's pleading deficient upon four grounds.  First, Defendants argue that Walker's Complaint fails to allege she engaged in speech as a citizen rather than as a public employee.  (ECF No. 21 at 5.)  Second, Defendants assert that Plaintiff's Complaint fails to allege that she engaged in speech that addressed a matter of public concern.  (*Id*. at 8-9.)  Third, Defendants maintain that Walker does not allege that Defendant Leon Hill ("Hill") personally committed any of the acts in question.  (*Id*. at 11.)  Last, Defendants argue that they are entitled to qualified immunity because Walker has failed to allege that either of the Defendants violated clearly established law protecting her rights.  (*Id*. at 14.)

In response, Walker argues that she engaged in speech as a citizen, rather than as a public employee.  (ECF No. 24 at 7.)  She further asserts that her speech involved matters of public concern.  (*Id*. at 8-9.)  Walker argues that she also sufficiently alleged personal knowledge on the part of both Defendants of her protected speech.  Walker, however, does not address the argument that Hill did not personally act in retaliation.  (*Id*. at 9-10.)  Finally, Walker states that Defendants violated her clearly established constitutional rights, though that contention is unaccompanied by any citation to supporting case law.  (*Id*. at 10-11.)

A public employee "must accept certain limitations on his or her freedom." *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006).  "Government employers, like private employers, need a

5

significant degree of control over their employees' words and actions; without it, there would be little chance for the efficient provision of public services." *Id*. Nevertheless, the law cannot enjoin a citizen who works for the government from exercising "the liberties employees enjoy in their capacities as private citizens." *Id*. at 419. Specifically, public employees retain the right, "in certain circumstances, to speak as a citizen addressing matters of public concern." *Id*. at 417. In determining whether First Amendment protection applies to a public employee's speech, a two-part test is applied. "First, we must answer the threshold inquiry—did the employee speak as a 'citizen on a matter of public concern.'" *Boulton v. Swanson*, 795 F.3d 526, 531 (6th Cir. 2015) (quoting *Garcetti*, 547 U.S. at 418)). "If so, we then balance the justifications for a speech restriction against the employee's free speech interest." *Id*. The threshold inquiry is also comprised of a two-part test: (1) whether the employee was speaking as a private citizen; and (2) whether the topic of the speech was a matter of public concern. *Id*. at 531-32.

In *Haynes v. City of Circleville, Ohio*, a former local police officer and handler for the police department's canine unit in Ohio wrote a memo expressing his concerns that cost-cutting measures and a reduction in dog-training hours would result in the canine program becoming less effective at protecting the public. 474 F.3d 357, 359-60 (6th Cir. 2007). Haynes was ultimately fired based on the memo and other grievances he filed against management. *Id*. Applying *Garcetti*, the Sixth Circuit held that his protests regarding the training cutbacks were unprotected speech because he "was acting as a public employee carrying out his professional responsibilities." *Id*. at 364. The court characterized the "context of the memo as a whole . . . as that of a disgruntled employee upset that his professional suggestions were not followed as they had been in the past." The court also noted that the "fact that Haynes communicated solely to his

6

superior also indicates that he was speaking in his capacity as a public employee contributing to the formation and execution of official policy." *Id* (internal quotations omitted).

In *Weisbarth v. Geauga Park Dist.*, a State County park district employee asserted that she was fired in retaliation for comments she had made to a consultant hired by her the park service to interview employees in the course of a departmental evaluation. 499 F.3d 538, 539 (6th Cir. 2007). Again applying *Garcetti*, the Sixth Circuit held that Weisbarth's comments to the consultant, wherein she discussed morale and performance issues, was not protected by the First Amendment because the speech was made pursuant to her official duties and not as a private citizen. *Id*. at 543. The court found Weisbarth's argument that her case was distinguishable from *Garcetti* unconvincing. In particular, the fact that Weisbarth was speaking with the consultant as part of an ad-hoc duty, rather than explicitly written job description duties, did not strip the commentary of falling under her official duties for the purposes of a retaliation claim. The court noted the similarity of the circumstances in *Haynes* with respect to this point— Haynes was also not writing a memo or providing feedback pursuant to a duty written into his official job description. *Id*. at 544.

More recently, however, in *Lane v. Franks*, the Supreme Court has instructed lower courts to refrain from reading *Garcetti* expansively. 134 S. Ct. 2369, 2379 (2014). The Court enumerated that "*Garcetti* said nothing about speech that simply relates to public employment or concerns information learned in the course of public employment." *Id*. "The critical question under *Garcetti* is whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties." *Id*. Interpreting *Lane*, the Sixth Circuit subsequently explained in *Boulton v. Swanson* that First Amendment protection does not apply to "speech that an employee made in furtherance of the ordinary responsibilities of his

7

employment." 795 F.3d 526, 534 (6th Cir. 2015). By way of example, the court proceeded to find that "speech in connection with union activities is speech 'as a citizen' for the purposes of the First Amendment." *Id*. The Sixth Circuit has further clarified the factors courts should consider in determining whether an employee's speech is accorded First Amendment protection as: "the ordinary scope of the employee's duties, the impetus for the speech, the setting, the audience, and the subject matter of the speech." *Holbrook v. Dumas*, --- F. App'x ---, No. 15-4334, 2016 WL 4376428, at *7 (Aug. 16, 2016); *accord Stinebaugh v. City of Wapakoneta*, 630 F. App'x 522, 527 (6th Cir. 2015). In *Stinebaugh*, the court held that a firefighter who called three city councilmembers to express disapproval for his supervisors' plans to purchase a new heavy rescue engine was speaking as a private citizen, rather than in the official course of his duties. 630 F. App'x at 523, 527. In contradistinction, *Holbrook* characterized the plaintiff's speech as made pursuant to his official duties where he sent the e-mail in question from his official government account to his subordinates and signed it with his official title, Fire Chief. *Id*. The content of the e-mail concerned an impending cancellation of liability insurance that the Fire Chief warned could result in the loss of employee jobs. 2016 WL 4376428, at *7.

In this case, Walker alleges that she reported improper conduct on the part of her supervisor to Defendants, who oversee Sanders. Walker asserts that the speech was made as a private citizen voicing concern over government mismanagement, while Defendants assert that reporting the deficiencies of colleagues inherently falls under ad hoc job duties. The Court, however, is unable to perform the requisite analysis of the surrounding circumstances of the speech because Walker has failed to satisfy her pleading burden. Viewing the Complaint in a light most favorable to Walker, "the Court is unable to discern, either directly or by reasonable inference, the specific circumstances of [Walker's] allegedly protected communication. The

complaint only supplies vague possibilities with respect to the requisite details." *Sanders v. McDowell*, 44 F. Supp. 3d 731, 735 (N.D. Ohio 2014). In the Complaint, Walker alleges that she "reported Demetra Sanders' illegal conduct to Business Administrator Bonaface Ogbonna, Warden Roni Burkes, and the Deputy Warden." (Compl. ¶ 23.) Walker also alleges that she "reported Demetra Sanders' illegal conduct to an outside agency." (*Id.* ¶ 24.) These allegations do not provide the factual context necessary in order for this Court to examine the scope of Walker's duties, the setting or form of the speech, or any details regarding the subject-matter. All the Court can conclude from the allegations is that it is possible, rather than plausible, Walker was engaging in speech as a private citizen, rather than in the course of her official duties. "It is not, [however], the business of this Court to take guesses." *Sanders*, 44 F. Supp. 3d at 736. While misconduct by her supervisor is potentially a matter of public concern, "it is not enough for the plaintiff to simply allege that she spoke about this topic, without providing any of the relevant details." *Id.* Walker has failed to satisfy her burden at the pleadings stage of stating allegations with sufficient particularity that the Court may infer her speech was made as a private citizen. Nonetheless, Plaintiff may be able to plead additional facts and details that would permit the Court to draw the necessary inferences. To that end, Plaintiff is granted leave to amend her Complaint. Accordingly, Plaintiff may, if she so chooses, file a Second Amended Complaint within fourteen (14) days of the date of this Opinion and Order.

## IV.

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 21) is conditionally **GRANTED**. Unless Plaintiff files a **SECOND AMENDED COMPLAINT** within fourteen (14) days of the date of this Order, the case is **DISMISSED**.

**IT IS SO ORDERED**.

Date: December 29, 2016         /s/ *Elizabeth A. Preston Deavers*
                                ELIZABETH A. PRESTON DEAVERS
                                UNITED STATES MAGISTRATE JUDGE